## GAS COMPANY *v.* PITTSBURGH.

A gas company which contracted, for a valuable consideration, to furnish a city with gas "free of charge," paid thereon the tax imposed by sect. 94 of the Internal Revenue Act of June 30, 1864 (13 Stat. 264), as amended by the act of July 18, 1866. 14 id. 128. *Held,* that the city is not liable to the company for the amount so paid.

ERROR to the Supreme Court of the State of Pennsylvania.

This was a suit brought by the Pittsburgh Gas Company against the city of Pittsburgh, to recover certain moneys paid by the company to the United States.

That company was incorporated by an act of the legislature of Pennsylvania, approved March 16, 1848, the city of Pittsburgh being the owner of six hundred and ninety-eight shares, of the value of fifty dollars each, and having power to elect six of the twelve trustees of said company. A supplement to said act, approved Jan. 31, 1860, provided as follows, viz. : —

" SECT. 7. That whenever the provisions of this act shall have been accepted by the stockholders of said company and the councils of said city corporation, as hereinafter provided, the mayor, aldermen, and citizens of Pittsburgh shall forthwith cease to be stockholders in said company, and all the stock held by the city corporation or standing in its name on the books of the said company shall be surrendered to the company, and the said city corporation shall have no further right to or interest in said stock; but the same shall become a part of the the the funds of the company, and be distributed among the stockholders *pro rata.*

"·SECT. 8. That the said company shall, at the cost of the city corporation, construct, erect, and keep in order all such public lamps and burners in the streets as the city councils may direct, and shall also furnish all the gas required for consumption in the public street-lamps, market-houses, council-chambers, and public offices of the city, at the following rates, that is to say : Any quantity not exceeding twelve and one-half millions cubic feet of gas annually, free of charge, and any excess over that quantity that may be required annually at a rate not exceeding seventy-five cents for each one thousand cubic feet of gas in such excess. The price of such excess so furnished, together with the cost of con-

structing, erecting, and keeping in order the public lamps and burners in the streets, shall be paid to the company quarterly by the city corporation."

In pursuance of said act the councils of the City of Pittsburgh, on the third day of February, 1860, passed an ordinance as follows : —

" That the provisions of an act of assembly approved the thirty-first day of January, A.D. one thousand eight hundred and sixty, entitled 'A supplement to an act to incorporate the Pittsburgh Gas Company,' approved the sixteenth day of March, A.D. one thousand eight hundred and forty-eight, be and the same are hereby approved and accepted by the councils of said city, and that a copy of this ordinance, properly authenticated by the presidents and clerks of councils, be delivered to the said gas company, and the mayor of the city of Pittsburgh is hereby authorized and instructed to make a proper surrender to the Pittsburgh Gas Company of all interest and ownership of said city in any stock or other property and effects in said gas company. That all ordinances or parts of ordinances inconsistent herewith be and the same are hereby repealed."

Pursuant to said act and ordinance, the mayor of said city made and executed a surrender of its stock, which was accepted upon the terms of said act by the company. The latter, during the six months ending Jan. 1, 1870, furnished a large number of feet of gas, including 6,250,000 feet to be furnished free, under said act of assembly and agreement. By the ninety-fourth section of an act of Congress entitled " An Act to provide internal revenue to support the government, to pay interest on the public debt, and for other purposes," approved June 30, 1864, and a supplement thereto, approved July 18, 1866, it was provided as follows, viz. : —

" SECT. 3. Amendment to sect. 94. On gas, illuminating, made of coal, wholly or in part, or any other material, when the product shall not be above two hundred thousand cubic feet per month, a tax of ten cents per one thousand cubic feet; when the product shall be above two and not exceeding five hundred thousand cubic feet per month, a tax of fifteen cents per one thousand cubic feet; when the product shall be above five hundred thousand and not exceeding five millions of cubic feet per month, a tax of twenty

cents per one thousand cubic feet; when the product shall be above five millions, a tax of twenty-five cents per one thousand cubic feet; and the general average of the monthly product for the year preceding the return required by law shall determine the rate of tax herein imposed. And where any gas-works have not been in operation for the next year preceding the return as aforesaid, then the rate shall be determined by the estimated average of the monthly product: *Provided,* that the product required to be returned by law by any gas company shall be understood to be, in addition to the gas consumed by said company or other party, the product charged in the bills actually rendered by the gas company during the month preceding the return; and until the thirtieth day of April, eighteen hundred and sixty-seven, all gas companies whose price is fixed by law are authorized to add the tax herein imposed to the price per thousand feet on gas sold; and all such companies which have heretofore contracted to furnish gas to municipal corporations are, in like manner, and for the same period, authorized to add such tax to such contract price: *Provided, further,* that all gas furnished for lighting street-lamps, or for other purposes, and not measured, and all gas made for and used by any hotel, inn, tavern, and private dwelling-house, shall be subject to tax whatever the amount of product, and may be estimated, and if the returns in any case shall be understated or underestimated, it shall be the duty of the assistant assessor of the district to increase the same as he shall deem just and proper: *And provided, further,* that gas companies located within the corporate limits of any city or town, whether in the same district or otherwise, or so located as to compete with each other, shall pay the rate of tax imposed by law upon the company having the largest production: *And provided, further,* that coal-tar and ammoniacal liquor produced in the manufacture of illuminating gas, and the products of redistillation of coal-tar, and the products of the manufacture of ammoniacal liquor thus produced, shall be exempt from tax."

By a supplement to said act, passed March 2, 1867, sect. 94 of said act of July 18, 1866, was further amended as follows: " By striking out in the paragraph relating to gas the words, 'and until the thirtieth day of April, 1867.'" The city paid the amount of bill for gas and the tax upon all gas furnished up to Jan. 1, 1871, except the amount of tax on 6,250,000 feet of gas which it claimed said gas company had contracted to

furnish free of charge.    The tax on said 6,250,000 feet, amounting to $1,562.50, was paid by the gas company to the United States.

The foregoing facts were agreed upon by the parties and submitted to the court in the nature of a special verdict. Judgment was rendered for the defendant.    It was affirmed by the Supreme Court of the State, and the company thereupon sued out this writ of error.

*Mr. Charles A. Ray* for the plaintiff in error.
*Mr. George Shiras, Jr., contra.*

MR. CHEIF JUSTICE WAITE delivered the opinion of the court.

Sect. 94 of the Internal Revenue Act of 1864 (13 Stat. 264), levying taxes on illuminating gas, to be paid by the manufacturer thereof, as amended in 1866 (14 id. 128), contained the following provision : —

" All gas companies whose price is fixed by law are authorized to add the tax herein imposed to the price per thousand feet on gas sold ; and all such companies which have heretofore. contracted to furnish gas to municipal corporations are in like manner . . . authorized to add such tax to such contract price."

This, we think, does not make a municipal corporation liable for the tax in a case where a gas company has, for a valuable consideration, contracted to furnish the corporation with gas " free of charge."

*Judgment affirmed.*